McAdam, C. J.
This court decided in 1882 (Frank v. Bush, 2 Civ. Pro. R., 250; 63 How. Pr., 282), that a defendant who has demurred to a complant may serve an answer as an amended pleading. This practice was followed by the superior court (Freedman, J., in Moffat v. Henderson, 48 N. Y. Supr. Ct.[J.& S.], 449), and by the supreme court of this department at general term in 1885 (Carpenter v. Adams, 34 Hun, 429). An appeal was taken in this case to the court of appeals, and argument was had on the merits. Instead of reversing the order for want of power, the appeal was dismissed (98 N. Y., 668). The common pleas announced similar practice (People v. Whitwell, 62 How. Pr., 386), and in this way all the courts of record in this county became committed to the principle as a rule of practice. The recent case of Smith v. Laird (9 N. Y. Stat. Rep., 376), decided by the supreme court of this department, overturns the practice thus established, and the question is whether this court is to embrace the new departure or adhere to established precedent. Until further instructed, it is deemed safer to adhere to the old rule until the new one is generally recognized by the courts, or until it has been approved by the court of appeals. It follows from this that the defendant has been regular in his practice.
The verification is correct. The agent swears that "'‘all the material allegations of the answer are within his personal knowledge ” and this is sufficient without assigning any reason why the verification is not made by the party. (Code, § 525, subd. 3.) The form adopted is that approved by-Abbott, in his new book on forms, p. 150, form 217.
The motion as to the superseded demurrer abates and the plaintiff must accept the pleading, Ho costs.